RE: POLITICAL SUBDIVISION MATCHING FUNDS FOR THE FEDERAL HOME INVESTMENT PARTNERSHIP PROGRAM (HOME).
ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 IS A POLITICAL SUBDIVISION PROHIBITED BY ARTICLE X, 17 OF THE OKLAHOMA CONSTITUTION FROM EXPENDING FUNDS FOR THE PURPOSE OF MATCHING A FEDERAL GRANT AVAILABLE PURSUANT TO 42 U.S.C.A. 1270, ET SEQ.
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO THE CONSTITUTION, STATUTES, AND CASE LAW, IT CAN BE ADDRESSED BY THIS INFORMAL LETTER. FURTHER, YOUR QUESTION SEEKS A DETERMINATION AS TO THE CONSTITUTIONALITY OF POTENTIAL EXPENDITURES OF PUBLIC FUNDS. AT THE OUTSET, IT MUST BE REMEMBERED THAT THE SUPREME COURT ALONE HAS THE POWER TO AUTHORITATIVELY DETERMINE CONSTITUTIONALITY AND AN ATTORNEY GENERAL'S OPINION IS ADVISORY ONLY. STATE EX REL. YORK V. TURPEN, 681 P.2D 763 (OKLA.1984). THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
CONGRESS HAS AFFIRMED THE NATIONAL GOAL THAT EVERY AMERICAN FAMILY BE ABLE TO AFFORD A DECENT HOME IN A SUITABLE ENVIRONMENT. TOWARDS THIS END IT HAS ENACTED THE CRANSTON-GONZALEZ NATIONAL AFFORDABLE HOUSING ACT.42 U.S.C.A. 12701, ET SEQ. AS PART OF THIS ACT, FEDERAL LAW PROVIDES FOR HOME INVESTMENT PARTNERSHIPS WHEREBY FUNDS ARE MADE AVAILABLE TO PARTICIPATING JURISDICTIONS TO INCREASE THE NUMBER OF FAMILIES SERVED WITH DECENT, SAFE, SANITARY, AND AFFORDABLE HOUSING. 42 U.S.C. 12741. ON MARCH 13, 1991, YOU DESIGNATED THE OKLAHOMA DEPARTMENT OF COMMERCE (COMMERCE) AS THE ADMINISTERING STATE AGENCY FOR THE HOME INVESTMENT PARTNERSHIP. COMMERCE DISTRIBUTES PROGRAM FUNDS TO ELIGIBLE ENTITIES SUCH AS COUNTIES AND MUNICIPALITIES IN ACCORDANCE WITH AN APPROVED STRATEGY THROUGH THE USE OF COMPETITIVE FUNDING SET ASIDES AND ALLOCATIONS THAT OPERATE ON A STATEWIDE BASIS. THE ACTIVITIES FUNDED THROUGH THE SET ASIDES CONSIST OF RENTAL AND OWNER OCCUPIED REHABILITATION, FIRST TIME HOME BUYER ASSISTANCE, AND NEW CONSTRUCTION. SET ASIDES ARE MADE ON A DEMONSTRATED NEED BASIS ONLY AND THE JURISDICTIONS EXPENDING MONEY ARE AUDITED.
FEDERAL REGULATIONS NOW REQUIRE THAT FEDERAL FUNDING BE MATCHED BY A PERCENTAGE OF STATE FUNDS. YOUR QUESTION ASKS WHETHER MATCHING VIOLATES ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION. MY REVIEW NECESSARILY ALSO INCLUDES AN ANALYSIS OF ARTICLE X, SECTION 14/ARTICLE X, SECTION 15 OF THE CONSTITUTION.
ESSENTIALLY, YOU HAVE ASKED THIS OFFICE TO DETERMINE WHETHER THE EXPENDITURE OF PUBLIC FUNDS TO MATCH FEDERAL MONEY DEDICATED TO PROVIDING AFFORDABLE AND DECENT HOUSING IS PROHIBITED BY THE "PUBLIC PURPOSE" REQUIREMENT OF ARTICLE X, SECTION 14 OR THE PROVISIONS OF ARTICLE X, SECTION 15/ARTICLE X, SECTION 17 PROHIBITING "GIFTS" IN THE FORM OF APPROPRIATIONS OF STATE MONEY FOR THE BENEFIT OF INDIVIDUALS.
ANY MATCHING OF FEDERAL FUNDS WOULD REQUIRE A LEGISLATIVE ACT APPROPRIATING MONEY. OKLAHOMA CONSTITUTION ARTICLE V, SECTION 55. FURTHER, SUCH AN EXPENDITURE OF TAX DOLLARS WOULD HAVE TO COMPLY WITH OKLAHOMA CONSTITUTION ARTICLE X, SECTION 14 WHICH PROVIDES IN PERTINENT PART:
 "TAXES SHALL BE LEVIED AND COLLECTED BY GENERAL LAWS, AND FOR PUBLIC PURPOSES ONLY(.)"
THEREFORE, THE FIRST HURDLE IS TO DETERMINE WHETHER PROVIDING FUNDS FOR THE PROGRAM IS A PUBLIC PURPOSE. IN WAY V. GRAND LAKE ASSOCIATION INC., 635 P.2D 1010 (OKLA. 1981), THE OKLAHOMA SUPREME COURT HAD OCCASION TO ANALYZE THE TERM "PUBLIC PURPOSE":
 "THE TERM "PUBLIC PURPOSE" AS USED IN ARTICLE X, SECTION 14 IS NOT TO BE CONSTRUED IN A NARROW AND RESTRICTED SENSE. PAWNEE COUNTY EXCISE BOARD V.KERN, 187 OKL. 110, 101 P.2D 614 SUPRA. IN 51 AM JUR P.378 326, IT IS STATED THAT THE TERM "PUBLIC PURPOSE" AS USED IN CONSTITUTIONAL PROVISIONS THAT TAXES SHALL BE LEVIED FOR PUBLIC PURPOSES ONLY, IS SYNONYMOUS WITH "GOVERNMENTAL PURPOSES", AND MEANS A PURPOSE AFFECTING THE INHABITANTS OF THE STATE OR TAXING DISTRICT AS A COMMUNITY, AND NOT MERELY AS INDIVIDUALS(.)"
ARTICLE X, SECTION 17 OF THE OKLAHOMA CONSTITUTION PROVIDES:
 "THE LEGISLATURE SHALL NOT AUTHORIZE ANY COUNTY OR SUBDIVISION THEREOF, CITY, TOWN, OR INCORPORATED DISTRICT, TO BECOME A STOCKHOLDER IN ANY COMPANY, ASSOCIATION, OR CORPORATION, OR TO OBTAIN OR APPROPRIATE MONEY FOR, OR LEVY ANY TAX FOR, OR TO LOAN ITS CREDIT TO ANY CORPORATION, ASSOCIATION, OR INDIVIDUAL."
IN WAY, THE SUPREME COURT HELD THAT CERTAIN STATE LEGISLATIVE APPROPRIATIONS TO PRIVATE ORGANIZATIONS DID NOT VIOLATE THE PROVISIONS OF OKLAHOMA CONSTITUTION ARTICLE X, SECTION 15 FOR THE REASON THAT THE APPROPRIATIONS WERE FOR A LEGITIMATE GOVERNMENTAL PURPOSE AND BECAUSE THE STATE RETAINED ULTIMATE CONTROL OVER THE EXPENDITURE OF THE FUNDS INVOLVED. THE ARTICLE X, SECTION 15 PROHIBITIONS ON STATE SPENDING ARE VIRTUALLY THE SAME AS THOSE CONTAINED IN ARTICLE X, SECTION 17 REGARDING EXPENDITURES OF LOCAL GOVERNMENT. IN WAY, PRIVATE ORGANIZATIONS WERE REQUIRED TO SUBMIT DETAILED BUDGETS AND BE AUDITED TO INSURE THAT STATE FUNDS WERE BEING SPENT ON ACTIVITIES APPROVED BY THE STATE AGENCY. THE SUPREME COURT OBSERVED AT PAGE 1015:
 "UNDER THE LEGISLATION HERE UNDER CONSIDERATION, DETAILED CONDITIONS AND GOVERNMENTAL SAFEGUARDS AND CONTROLS ARE LEGISLATIVELY MANDATED AS CONDITIONS FOR THE PARTICIPATION BY THE DEFENDANT IN THE APPROPRIATION."
THE ABOVE REFERENCED SAFEGUARDS AND CONTROLS WERE FOUND BY THE COURT TO DISTINGUISH WAY FROM VETTE V. CHILDERS, 228 P.145 (OKLA.1924) AND VETERANS OF FOREIGN WARS V. CHILDERS, 171 P.2D 618 (OKLA.1946). IN VETTE, THE STATE BOARD OF AGRICULTURE WAS AUTHORIZED TO INVEST FUNDS IN MORTGAGE BONDS ON WAREHOUSES OWNED BY FARMER COOPERATIVES. THE COURT FOUND THAT THE INDIVIDUALS TO WHOM THE FUNDS WERE TO BE LOANED WERE THE DIRECT BENEFICIARIES OF THE ACT AND THAT ANY PUBLIC BENEFIT WAS INDIRECT. THE COURT OBSERVED AT PAGE 148:
 "THE APPROPRIATION PROVIDED IN 18 OF THE ACT UNDER CONSIDERATION IS NOT FOR PURPOSES OF REGULATION AND CONTROL OF THE ENTERPRISE, BUT IS TO ASSIST IN ESTABLISHING A SYSTEM OF WAREHOUSES TO BE OWNED, OPERATED, AND CONTROLLED BY ASSOCIATIONS OF INDIVIDUALS. WHILE THE ESTABLISHMENT AND OPERATION OF THE SYSTEM OF WAREHOUSES MIGHT ULTIMATELY RESULT IN A BENEFIT TO THE ENTIRE FARMING CLASS OF THE STATE, AND BY REASON OF THE ENCOURAGEMENT GIVEN TO THIS INDUSTRY MIGHT RESULT IN A GENERAL BENEFIT TO THE ENTIRE PUBLIC, THE DIRECT OBJECT OF THIS APPROPRIATION IS FOR THE ASSISTANCE OF THE GROUP OF INDIVIDUALS WHO SHALL OWN, OPERATE AND CONTROL THE WAREHOUSES."
IT CANNOT BE DOUBTED THAT PROVIDING NEEDY PERSONS WITH SAFE, CLEAN AND AFFORDABLE HOUSING IS A DESIRABLE OBJECT. THE LEGISLATURE HAS RECOGNIZED THIS IN THE OKLAHOMA HOUSING AUTHORITIES ACT, 63 O.S. 1051 (1991), ET SEQ. THE ACT PROVIDES AT 63 O.S. 1053 (1991):
(TEXT OF STATUTE)
THE CONSTITUTIONAL PROVISIONS REGARDING PUBLIC PURPOSE AND GIFTS ARE GENERALLY CONSTRUED IN CONJUNCTION WITH EACH OTHER. A DETERMINATION THAT AN EXPENDITURE IS FOR AN AUTHORIZED PUBLIC PURPOSE NECESSARILY MANDATES A DETERMINATION THAT THE SAME IS NOT A GIFT OF PUBLIC MONIES. THE DETERMINATION OF PUBLIC PURPOSE LIES PROPERLY WITHIN THE PROVINCE OF THE LEGISLATURE. HELM V. CHILDERS, 75 P.2D 398 (OKLA.1938). SUCH A DETERMINATION WILL NOT BE SET ASIDE UNLESS THERE IS A CLEAR VIOLATION OF THE CONSTITUTION. OKLAHOMA CITY NEWS BROADCASTERS. INC. V. NIGH, 683 P.2D 72, 76 (OKLA.1984).
BOTH OKLAHOMA AND FEDERAL LAW HAVE RECOGNIZED THE POLICY THAT DECENT HOUSING SHOULD BE AVAILABLE TO ALL CITIZENS. AT THE STATE LEVEL, THIS POLICY IS IMPLEMENTED BY THE COMMERCE DEPARTMENT PURSUANT TO A WELL DEFINED STRATEGY WITH MANDATORY AUDITS THAT INSURE RECIPIENT COMPLIANCE AND PROVIDE THE TYPE OF SAFEGUARDS AND CONTROLS FOUND SUFFICIENT IN WAY.
IN MY OPINION, PROVIDING FUNDING TO INSURE DECENT HOUSING CLEARLY SATISFIES THE REQUIREMENT THAT MONEY BE SPENT ONLY FOR PUBLIC PURPOSES. FURTHER, GIVEN THE FACT THAT SUFFICIENT CONTROLS AND STATE OVERSIGHT ARE PRESENT, USE OF PUBLIC MONEY TO IMPLEMENT THE LEGISLATIVE POLICY CANNOT BE VIEWED AS A GIFT. IN SHORT, IT IS MY OPINION THAT APPROPRIATING MONEY TO MATCH FEDERAL FUNDING TO PROVIDE SAFE, DECENT AND SANITARY HOUSING IS NOT UNCONSTITUTIONAL.
THIS ANALYSIS REPRESENTS THE VIEWS ONLY OF THE UNDERSIGNED ATTORNEY AND IS NOT A FORMAL OPINION OF THE ATTORNEY GENERAL. SHOULD YOU NEED ANYTHING FURTHER REGARDING THIS MATTER, PLEASE FEEL FREE TO CONTACT THE UNDERSIGNED.
(DOUGLAS F. PRICE)